UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>Petitioner,<br><br>v.<br><br>JOEL MARTINEZ,<br><br>Respondent. | Case No. 16-cv-06806-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 2, 4, 5 |

Christopher Miller, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a motion to proceed in forma pauperis. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Miller was found guilty of molesting a child under the age of 14, possession of child pornography and failure to register as a sex offender. He was sentenced to 69 years in state prison. His appeals and state habeas petitions were denied.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, Miller asserts that: (1) the trial court erred in excluding evidence which also prevented him from presenting a defense and trial counsel was ineffective for failing to more thoroughly challenge the ruling; (2) the prosecutor committed misconduct during cross examination that suggested Miller had committed prior offenses and to the extent this claims is forfeited, trial counsel was ineffective; (3) trial counsel was ineffective by allowing the prosecutor to question Miller about past events that the trial court had excluded; (4) trial counsel was ineffective by allowing the prosecutor to misstate the law regarding Penal Code section 288; and (5) the trial court erred in issuing an excessive restitution fine in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). These claims are sufficient to require a response.

Petitioner also filed a motion for discovery. A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the essential elements of the underlying claim. *See Bracy*, 520 U.S. at 904 (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate due process clause). The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. *See id*. Good cause for discovery under Rule 6(a) is

shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

Miller seeks two witnesses to be examined, his mother and his trial counsel, regarding a letter these witnesses may have seen. At trial the victim testified that Miller molested him. The victim was cross-examined about a letter he wrote stating the Miller never hurt or molested him. The victim stated a relative told him to write the letter but he did not fully understand it. The letter was admitted into evidence. Miller seeks discovery regarding a possible earlier draft of the letter that these witnesses may have seen. He has failed to show good cause for discovery in this case. The letter was admitted into evidence and the victim was cross-examined at length about the letter and the circumstances surrounding it. The motion is denied.

Petitioner has also requested the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require", representation may be provided for any financially eligible person. Petitioner has presented his claims adequately, and they are not particularly complex.

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**. The motion for discovery (Docket No. 4) and the motion to appoint counsel (Docket No. 5) are **DENIED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

3

Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 17, 2017

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER J. MILLER,

    Plaintiff,

  v.

JOEL MARTINEZ,

    Defendant.

Case No.  16-cv-06806-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher J. Miller
T75520
Sierra Conservation Center
5150 O'Byrnes Ferry Rd.
Jamestown, CA 95327

Dated: January 17, 2017

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5